UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI McKENNA, et. al.,<br><br>              Plaintiffs,<br><br>      v.<br><br>BOSTON SCIENTIFIC CORP.,<br><br>              Defendant. | Case No. C19-5536-BHS<br><br>**ORDER REGARDING<br>SETTLEMENT CONFERENCE** |

This case has been referred for a settlement conference before the Honorable Michelle L. Peterson, United States Magistrate Judge. (Dkt. # 76.)

Accordingly, IT IS HEREBY ORDERED:

**A. Participation of Parties**

All parties and their counsel are hereby DIRECTED to appear on:

March 29, 2022 at 9:30am via Zoomgov.com platform. Instructions to join to be sent separately to participants.

**All parties, representatives with full and complete settlement authority and lead counsel are required to personally attend the conference.** An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter. An uninsured corporate party shall appear by a representative authorized to negotiate,

ORDER REGARDING SETTLEMENT CONFERENCE- 1

and who has authority to settle the matter. If there are other parties necessary to settle the case, counsel must arrange for their attendance. Any counsel appearing without authority to negotiate may result in an award to the other parties of their costs and fees incurred for the conference, or other sanctions.

**The Settlement Conference is scheduled to start at 9:30 a.m.** Personal attendance is required for the entire duration of the settlement conference.

**B. Format**

Consideration of settlement is a serious matter that requires thorough preparation prior to the Settlement Conference. Set forth below are the procedures the Court requires the parties to follow and the procedures the Court will employ in conducting the Conference.

**1. Pre-Settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, one week prior to the Settlement Conference (on or before March 22, 2022), plaintiffs' counsel shall submit a written settlement demand to defense counsel, including an itemization of damages claimed and the method by which they were calculated, as well as any request for non-monetary relief, with a brief explanation of why such settlement demand is appropriate. No later than three days prior to the Settlement Conference (on or before March 24, 2022) defense counsel shall submit a written response to plaintiffs' counsel stating the defense settlement position and counteroffer. If the defendant intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation of that position. This correspondence between the parties shall be included with the confidential letters submitted to the Court. Failure to comply with the requirements of this paragraph may result in the postponement of the Settlement

ORDER REGARDING SETTLEMENT CONFERENCE- 2

Conference.

**2. Submission of Confidential Settlement Letters**

Each party shall submit a confidential letter no later than two days prior to the Settlement Conference (on or before March 25, 2022). Do not file copies of these letters on the Court docket and do not serve these letters on the opposing party. The letter shall include the case number and case name and shall be emailed to Judge Peterson at Tim_Farrell@ wawd.uscourts.gov. The email subject line shall read: "Confidential [name of party] v. [name of party], case number, [Plaintiff's/Defendant's] Settlement Letter." Do not mail hard copies of the letter to Chambers.

The confidential settlement letters shall not exceed **ten (10) pages** in length and shall set forth the following:

- The name and title of the client who will be present throughout the conference and who will be authorized to enter into a settlement agreement, and the names and titles of any other persons who will attend the conference;

- A brief analysis of the key issues involved in the litigation, including the party's claims and defenses and the applicable statutory or other bases upon which the claims or defenses are based;

- A candid description of the strongest and weakest points in **each** party's case, both legal and factual (key exhibits, expert reports, or extracts of deposition transcripts may be attached);

- Itemization of damages, fees, and costs to date, and an estimated amount of fees, time, and costs to be expended through the conclusion of trial;

- Reference (by docket number) to any pending dispositive or other motions that would have significant effect on settlement for the Court to review prior to the conference;

- A history of past settlement discussions, including as an attachment the demand/offer letters set forth in paragraph B1;

- The major obstacles to settlement as perceived by each party; and

- A settlement proposal the party believes to be fair.

ORDER REGARDING SETTLEMENT CONFERENCE- 3

Failure to submit a Confidential Settlement Letter will result in the rescheduling or cancellation of the Settlement Conference.

3. **Confidentiality**

The Court expects the parties to address each other with courtesy and respect. The parties and counsel are encouraged to advise the Court of their pronouns, and may do so by including their pronouns in signature lines, or advising the in-court deputy clerk before the settlement conference begins either in writing or in person. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the Settlement Conference are not to be used in discovery or for any other purpose, and will not be admissible at trial. LCR 39.1; Fed. R. Evid. 408(a). Any documents submitted for the Settlement Conference will be maintained in Chambers and will be destroyed after the Conference.

4. **Settlement Conference Format and Requirements for Virtual Conferences**

The Court will generally use a mediation format that consists of a joint session with an opening discussion by the Court. Opening statements by the parties are discouraged. Thereafter, there will be private caucusing by the Court with each of the parties, using breakout rooms in the Zoom.gov platform. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to consider creative means for resolving the dispute.

The following guidelines and rules apply to all virtual conferences:

- **Conference Access**: The participants will be provided access information to the virtual session in advance. Participants are prohibited from sharing this information with any non-participant;

- **Secure Connection**: Participants must appear via video; telephonic appearance is not acceptable except under the most extenuating circumstances, which must be approved by Judge Peterson in advance of the Settlement Conference.

ORDER REGARDING SETTLEMENT CONFERENCE- 4

Participants need a strong and secure internet connection to ensure proper functioning of the video feature. Each participant shall participate from a separate device, unless an alternative arrangement for joint participation is tested and approved in advance.

- **Prohibition on recording/relaying**: No one may audio or video record any part of the Settlement Conference. No one may transmit, broadcast, or relay the Settlement Conference to third parties.

- **Best Practices**: Log on to the scheduled Settlement Conference session at least 10 minutes in advance of the start time. When you are not speaking, please mute yourself. Please keep in mind that it may take a moment for the Court to join or exit a meeting room, and briefly pause so the Court does not inadvertently hear any conversation intended to be private.

**5. Settlement Agreement**

In anticipation of a settlement, the parties shall bring to the settlement conference an electronic copy of a draft settlement agreement in a form acceptable to them for signature by all parties. If necessary, the Court may summarize the key terms of the agreement on the record. If settlement is agreed, it is the responsibility of all counsel to immediately report the settlement to the District Court as well as to timely memorialize the settlement.

DATED this 2nd day of March, 2022.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER REGARDING SETTLEMENT CONFERENCE- 5